UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**CAMPAIGN LEGAL CENTER,**

*Plaintiff,*

v.

**IOWA VALUES,**

*Defendant.*

Case No. 1:21-cv-389-RCL

## ORDER

Before the Court is Plaintiff Campaign Legal Center's Motion [ECF No. 114] for Ruling on Contested Confidentiality Designations. Causeway Solutions ("Causeway"), a third-party to this litigation, has asserted a blanket designation of confidentiality pursuant to the Stipulated Protective Order for all discovery it has produced and the entirety of its Rule 30(b)(6) deposition testimony. Plaintiff moves to de-designate fifteen of these documents, produced by Causeway in response to Plaintiff's subpoena, and the entire transcript of the deposition of Causeway's Rule 30(b)(6) representative.[1]

However, when Plaintiff filed this motion in October 2024, this case was ostensibly going to trial. Plaintiff said in its Motion that it is solely focusing on de-designating documents that it "views as significant as the case moves forward toward trial" and argued that Causeway's overbroad confidentiality designations will "complicate briefing, trial, and court decisions" and will result in "closed court proceedings." Mot. at 10, 21. Indeed, the stated goal of Plaintiff's motion is to order Causeway to "de-designate these documents ahead of trial." Reply at 20, ECF No. 129.

---

[1] Defendant Iowa Values takes no position on the pending Motion. *See* Notice, ECF No. 160 at 1 n.1.

1

However, on April 15, 2025, the parties submitted a joint motion to vacate the trial and instead submit this case on a written record, "agree[ing] that the trial in this case would be more efficiently resolved on a written record in lieu of live testimony." Mot. to Submit on Written Record, ECF No. 155. After a status conference, the Court granted the Motion, vacated the trial, and denied all motions in limine as moot. Min. Entry for Apr. 22 Hr'g.

Two months later, on June 13, 2025, Plaintiff filed a Notice [ECF No. 160] "regarding the status of motion for ruling on contested confidentiality designations." In this Notice, Plaintiff explains that Causeway is still maintaining its assertion of confidentiality for all of its discovery, and Plaintiff expresses concern that "absent judicial intervention," Causeway's confidentiality assertions "will require the filing under seal of portions of the parties' forthcoming submissions of the joint evidentiary record, the parties' proposed findings of fact and conclusions of law, and even the Court's ultimate opinion on the merits." Notice at 3. That same day, Causeway filed a Response [ECF No. 262]. In that Response, Causeway refutes Plaintiff's characterization and states that it "agrees that its confidentiality designations (exhibits and testimony) would be subject to public access disclosure for any portions cited or relied upon by the court in its ultimate opinion on the merits." Resp. at 2.

Given that this case is no longer going to trial and that Causeway acknowledges that the Court may rely on any relevant portions of discovery in its final opinion on the merits, the Court does not see any need for judicial intervention. Rather than delve into the weeds of this outdated discovery dispute, which was made at an earlier junction of this litigation and is no longer applicable to its current posture, the Court will take Causeway at its word—that any exhibits and written testimony that the Court relies on will be accessible to the public in the Court's final

2

decision on the merits. This representation by Causeway, in the Court's view, obviates the public access concerns that Plaintiff raised in support of its motion.

The parties have already submitted their joint evidentiary record and proposed findings of fact and conclusions of law under seal. *See* ECF Nos. 173, 174, 175. Thus, the Plaintiff's concern about the (in this Court's view, minimal) burden of filing these submissions under seal is moot—and, if anything, it would drain additional resources to backtrack and de-designate various portions of these lengthy submissions as non-confidential.

While the Court acknowledges the frustration both sides have experienced in this discovery dispute and Causeway's apparent intransigence in its assertion of confidentiality, recent developments in this case have obviated the need for Court intervention. Therefore, Plaintiff's Motion for Ruling [ECF No. 114] is hereby **DENIED**.

**IT IS SO ORDERED.**

Date: July __25__, 2025

Royce C. Lamberth
United States District Judge